UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:25-CR-63 |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD ALLEN TREMBLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **PRETRIAL ORDER**

As there are no outstanding motions and the deadline to file them has now passed, this action is hereby assigned for trial by jury before the Honorable Clifton L. Corker, United States District Judge, to commence at **9:00 a.m. on October 21, 2025**. This order[1] is entered as a guide to counsel for trial and/or sentencing procedures.

Trial procedures to be observed in this case are as follows:

(a) The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors. Counsel and any other person provided with the jury list may not share the list or information contained therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided with the jury list must either return the list and any copies made to the clerk or destroy them. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to

---

[1] Any objections to this Pretrial Order shall be taken up pursuant to 28 U.S.C. § 636(b)(1)(A).

conduct voir dire. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel asks improper questions, or if counsel is unnecessarily prolonging the process.

(b) Pursuant to FRCRP Rule 24(b), Defendant is entitled to ten (10) peremptory challenges and the Government is entitled to six (6).

(c) Legal issues that counsel has foreseen are: none.

(d) Evidentiary problems that counsel has foreseen are: none.

(e) If counsel has any special requests for instructions to the jury, the same should be filed as directed by the Court in its prior order.

(f) Defendant's counsel will be permitted to make an opening statement to the jury prior to the commencement of the Government's proof.

(g) No motions may be filed in this cause of action by either side without the prior leave of the Court to do so, because the motion cutoff date has passed.

(h) Counsel should meet in advance of trial and carefully review trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible.

(i) The Court will conduct a charge conference, and on the morning of trial, the Court will furnish counsel with a draft of the proposed charge. A further charge conference will be conducted by the Court at the conclusion of the proof and before closing arguments. Any objections, requests, etc., relative to the charge should be presented at that time. Any request for an additional charge or a different charge should be made in writing, if possible. These rules do not in any way modify the requirement that special requests to instruct the jury be filed prior to the trial as previously instructed by the Court.

(j) If there is a conviction in this matter, a pre-sentence report will be prepared, and the parties shall follow the process set forth in Local Rule 83.9 addressing the report. Objections to a presentence report must be made within 14 days after the Report is filed with the Court. If an evidentiary hearing will be necessary to resolve any objection or response thereto, counsel must so indicate in the objection or response. If a party has no objection to the report, a statement so indicating must be filed within 14 days of the Report's filing.

(k) The digital evidence presentation system both facilitates and expedites hearings and trials; therefore, counsel shall familiarize themselves with this courtroom technology and make full use of it. It is the responsibility of the parties and their counsel to ensure, well in advance of trial, that any electronic, digital, audio, or video material is compatible with the Court's equipment. Any failure to do so will not be considered sufficient reason for delay or postponement of the hearing or trial. Further, it shall be the responsibility of any party wishing to present such evidence to bring with him or her all equipment necessary, including cables, to be attached to the courtroom's Digital Evidence Presentation System.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge